UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21922

YASMIEL GARCIA PINON,

     Plaintiff,

vs.

HIALEAH POWDER COATING CORP,
JIMMY HERNANDEZ, and
DUILIO HERNANDEZ,

     Defendants.

_____/

## **COMPLAINT**

     Plaintiff, Yasmiel Garcia Pinon, sues Defendants, Hialeah Powder Coating Corp, Jimmy Hernandez, and Duilio Hernandez, as follows:

### *Parties, Jurisdiction, and Venue*

     1.    **Plaintiff, Yasmiel Garcia Pinon**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

     2.    Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

     3.    Plaintiff was a non-exempt employee of Defendants.

     4.    Plaintiff consents to participate in this lawsuit.

     5.    **Defendant, Hialeah Powder Coating Corp, ("HPC"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business from within Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

1

6.      **Defendant, Jimmy Hernandez**, was at all material times a resident of this District. He was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other painters' wages.

7.      **Defendant, Duilio Hernandez**, was at all material times a resident of this District. He was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other painters' wages.

8.      Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

9.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

10.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## <u>COUNT I – FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiff, Yasmiel Garcia Pinon, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

12.     Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All

2

Defendants employed Plaintiff.

13.    Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

14.    In particular, Defendants own and operates a company that applies powder coating to surfaces.

15.    Defendants have been at all times material engaged in interstate commerce in the course of their provision of powder coating and related services which, traditionally, cannot be performed without using goods, materials, supplies, coatings, paints, paint thinners, solvents, materials, supplies, and equipment that have all moved through interstate commerce.

16.    Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

17.    Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

18.    Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19.    Plaintiff worked for Defendants from about November 2013 to approximately September 5, 2017 as a helper and then/also as a painter.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884    FAX 305.230.4844
www.fairlawattorney.com

20.    To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21.    Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his regularly and recurrently paiting/coating and working on metals and other surfaces using goods, materials, and supplies that that moved through interstate commerce.

22.    Defendants paid Plaintiff an hourly rate of $9.00 until 2015.

23.    In 2016, Defendants paid Plaintiff an hourly rate of $11.00.

24.    In mid-2016, Defendants paid Plaintiff at an hourly rate of $11.50

25.    Then, in 2017 Defendants paid Plaintiff an hourly rate of $12.00.

26.    Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

27.    Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate(s) of pay for all hours that he worked over 40 hours in a given workweek.

28.    Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying him in cash at his regular rate of pay for hours worked beyond 40 in a workweek.

29.    Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned – including through the payment of part of his wages and overtime in cash.

30.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Yasmiel Garcia Pinon, demands the entry of a judgment in his favor and against Defendants, Hialeah Powder Coating Corp, Jimmy Hernandez, and Duilio Hernandez, jointly and severally after trial by jury and as follows:

> a.     That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
>
> b.     That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
>
> c.     That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;
>
> d.     That Plaintiff recovers all interest allowed by law;
>
> e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;
>
> f.     That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and
>
> g.     Such other and further relief as the Court deems just and proper.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## <u>COUNT II – VIOLATION(s) OF 26 U.S.C. §7434</u>

Plaintiff, Yasmiel Garcia Pinon, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

31.     Defendants, Hialeah Powder Coating Corp, Jimmy Hernandez, and Duilio Hernandez, each had an obligation to provide correct information returns to the IRS and to Plaintiff.

32.     Defendants paid Plaintiff by check and by cash so are directly responsible for the issuance of and accounting for all wages paid to him by check and/or by cash, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income paid as to Plaintiff, the issuance of 1099's to Plaintiff in 2014, 2015, and 2016, the issuance of W-2's to Plaintiff in 2016 and 2017, and the filing of information returns on own behalf of the corporate Defendants and for Plaintiff.

33.     During the time that Plaintiff worked for Defendants, they failed to properly account for the wages that they actually paid to Plaintiff.

34.     In particular, Defendants failed to accurately document the amount paid to Plaintiff on each information return that they issued to him as a result of their failure to account for the cash that they paid to him as income/wages.

35.     Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 1099 for calendar year 2014 from Hialeah Powder Coating Corp by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2014 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
Tel 305.230.4884   Fax 305.230.4844
*www.fairlawattorney.com*

36.     Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 1099 for calendar year 2015 from Hialeah Powder Coating Corp by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2015 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

37.     Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form 1099 for calendar year 2016 from Hialeah Powder Coating Corp by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2016 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages)

38.     Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2016 from Hialeah Powder Coating Corp by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2016 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages).

39.     Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2017 from Hialeah Powder Coating Corp by under-reporting the amount that Defendants paid to Plaintiff in calendar year 2017 as a result of their failure to include in his W-2 the total wages that he earned instead (by not including the cash wages).

40.     Defendants, Jimmy Hernandez, and Duilio Hernandez, are also responsible for the operations of their finances, and the filing of the 1099's and W-2's issued to Plaintiff, as identified above.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

41.     Plaintiff suffered damages as a result of Defendants' willful provision/filing of false information returns caused by Defendants' intentional and willful acts as described above.

42.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Yasmiel Garcia Pinon, demands the entry of a judgment in his favor and against Defendants, Hialeah Powder Coating Corp, Jimmy Hernandez, and Duilio Hernandez, jointly and severally after trial by jury and as follows:

a. That Plaintiff recovers the greater of his actual damages or $5,000 for each fraudulent information return filed/served by Defendants as set forth above;

b. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. All interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>13th</u> day of May, 2019.

<div style="margin-left: 50%;">

Respectfully Submitted,


<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
*Counsel for Plaintiff*
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884

</div>